## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CARLA MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. CIV-11-845-R** |
| **vs.** | ) | |
| | ) | |
| **MICHAEL J. ASTRUE, Commissioner** | ) | |
| **of the Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for supplemental security income benefits.  Pursuant to an order entered by United States District Judge David L. Russell, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  The Commissioner has answered and filed the administrative record. (hereinafter Tr. ____).  Both parties have briefed their respective positions, and thus, the matter is at issue.  For the reasons stated herein, it is recommended that the decision of the Commissioner be affirmed.

## I.  PROCEDURAL HISTORY

Plaintiff protectively filed her application for supplemental security benefits on February 28, 2007, alleging that she became disabled as of February 1, 2006, due to paranoid schizophrenia, psychosis and depression.  Tr. 12, 96-102, 117, 122.  The application was

denied on initial consideration and on reconsideration at the administrative level.  Tr. 46, 47,

49-52, 54-55.  Pursuant to Plaintiff's request, a hearing was held before an administrative law

judge on April 6, 2009.  Tr. 17-43, 61.  Plaintiff appeared in person, and with her attorney,

and she offered testimony in support of her application.  Tr. 19-39. A vocational expert also

testified at the request of the administrative law judge.  Tr. 39-42, 90.  The administrative law

judge issued her decision on June 24, 2010, finding that Plaintiff was not disabled within the

meaning of the Social Security Act and that she was thus not entitled to supplemental

security income benefits.  Tr. 9-11, 12-16.  Plaintiff's request for review of the administrative

law judge's decision was denied by the Appeals Council on July 1, 2011.  Tr. 1-3, 8.  Thus,

the decision of the administrative law judge became the final decision of the Commissioner.

Tr. 1.

## II.  DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge referenced

the sequential evaluation process in 20 C.F.R. § 416.920.  Tr. 12-14.  However, she did not

proceed past step one as she determined that Plaintiff has engaged in substantial gainful

activity since February 28, 2007, the date Plaintiff protectively filed her application.  Tr. 14,

16. Accordingly, the administrative law judge found that Plaintiff was not disabled and was

not entitled to benefits.  Tr. 14-16.

## III.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review

as follows:

[W]e[1] independently determine whether the [administrative law judge's] decision is "free from legal error and supported by substantial evidence." Although we will "not reweigh the evidence or retry the case," we "meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met."

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence "must be based upon the record taken as a whole." Consequently, we remain mindful that "[e]vidence is not substantial if it is overwhelmed by other evidence in the record."

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 416.920. The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams v. Bowen, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy given the claimant's age, education, and work experience. Williams, 844 F.2d at 751.

---

[1]Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n.1 (10th Cir. 1992) ("[A]s the second-tier appellate court, a circuit court does apply the same standard of review as the district court-the standard applicable to appellate review of individual social security cases").

## IV.  DISCUSSION

Plaintiff raises only one argument in support of her appeal.  She claims that the administrative law judge failed to properly consider that Plaintiff's current employment is performed in a sheltered work environment.  Plaintiff's Opening Brief, 3-6.  Plaintiff argues that her janitor position at Goodwill, which she has held since February 2008, is performed in a sheltered work environment and that "sheltered work cannot meet the definition of substantial gainful activity."  Plaintiff's Opening Brief, 6; Reply Brief, 2.  The Commissioner argues in response that Plaintiff's premise regarding sheltered work is inaccurate and that Plaintiff did not meet her burden in establishing that her work as a janitor does not qualify as substantial gainful activity.

At step one of the analysis, if a claimant is working and the work the claimant is doing qualifies as substantial gainful activity, then the Commissioner will find that the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(i).  The primary means of making this determination is to review the individual's gross earnings and if an individual's average monthly earnings from employment are above a set threshold amount, she is presumed to be engaged in substantial gainful activity.  20 C.F.R. §§ 416.974(a), 416.974a.  However, if an individual earns less than the threshold level calculated under the regulations, then the claimant is presumed to not be engaged in substantial gainful activity.  20 C.F.R. § 416.974(b)(3)(i).  See Sheppard v. Astrue, No. 10-6172, 426 Fed. Appx. 608, 610 (10th Cir. May 20, 2011) (noting that the controlling regulations explicitly require that the claimant's earnings be the primary consideration of the administrative law judge in resolving whether the claimant is engaging

in substantial gainful activity and noting the presumption in favor of finding substantial gainful activity if the claimant's monthly earnings exceed the threshold level set forth in the regulations).

As an initial matter, Plaintiff's argument that sheltered work cannot be considered substantial gainful activity is wholly inaccurate, which is not surprising in light of the fact the legal authority upon which she is relying has not been in effect for over thirty years. Plaintiff cites to 20 C.F.R. § 404.1534 to support her theory, however, § 404.1534 was withdrawn by the Social Security Commissioner in 1980. <u>See</u> Revised Rules for Evaluating Supplemental Security Income for the Aged, Blind and Disabled, 45 Fed. Reg. 55,568 (Aug. 20, 1980) (codified at 20 C.F.R. pts. 404, 416).[2]

Substantial gainful activity, by its very definition, specifically contemplates that it can include sheltered work. 20 C.F.R. § 416.972 (defining "substantial gainful activity" and stating, "Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before."). <u>See</u> <u>also</u> 20 C.F.R. § 416.974(a)(1). In assessing whether earnings show substantial gainful activity, the Commissioner considers only amounts actually earned by a claimant. 20 C.F.R. § 416.974(a)(2). "When your earnings exceed the reasonable value of the work you perform, we consider only that part of your pay which you actually earn. If your earnings are being

_____

[2]In his Response, the Commissioner noted that the law upon which Plaintiff was relying was no longer in effect. However, in her Reply brief, Plaintiff inexplicably disagreed, criticized the Commissioner and continued to cite to the same outdated regulations. The indignation Plaintiff's counsel attempted to espouse in the Reply brief is woefully misguided.

subsidized, we do not consider the amount of the subsidy when we determine if your earnings show that you have done substantial gainful activity."  20 C.F.R. § 416.974(a)(2). "We consider your work to be subsidized if the true value of your work, when compared with the same or similar work done by unimpaired persons, is less than the actual amount of earnings paid to you for your work."  20 C.F.R. § 416.974(a)(2).  "If you are working in a sheltered workshop, you may or may not be earning the amounts you are being paid."  20 C.F.R. § 416.974(a)(3).

The regulations further set forth the analysis to consider in order to determine whether a claimant has engaged in substantial gainful activity if her work is sheltered.

> [W]hen a person with a serious impairment does simple tasks under close and continuous supervision, our determination of whether that person has done substantial gainful activity will not be based only on the amount of the wages paid. We will first determine whether the person received a subsidy; that is, we will determine whether the person was being paid more than the reasonable value of the actual services performed. We will then subtract the value of the subsidy from the person's gross earnings to determine the earnings we will use to determine if he or she has done substantial gainful activity.

20 C.F.R. § 416.974(a)(2).  See also Social Security Ruling 83-33, 1983 WL 31255, at *3-5 (explaining the factors and evidence to consider in determining whether a claimant's work is subsidized and how to calculate the same).

In this case, the administrative law judge considered whether Plaintiff engaged in substantial gainful activity since the date of her application.  Tr. 14-15.  Based on Plaintiff's gross earnings, including her work at Goodwill as a janitor from February 2008 through the date of the hearing, the administrative law judge found that there was not a 12 month period

since the date of her application that she had not engaged in substantial gainful activity.  Tr.

15-16.  In 2008, pursuant to 20 C.F.R. § 404.971 et. seq., a person whose average monthly

earnings exceeded $940.00 per month is generally considered to have engaged in substantial

gainful activity.  See http://www.ssa.gov/OACT/COLA/sga.html.  Though Plaintiff did not

meet this threshold during the majority of 2008, during the third quarter, she earned $3350.00

through her position at Goodwill, thereby surpassing the $940.00 threshold for substantial

gainful activity.  Tr. 15, 110-13.

　　　The administrative law judge clearly considered whether there was any evidence to

support the finding that Plaintiff's work was being subsidized.  As stated in her opinion,

> Although the claimant alleged she was disabled due to mental illness, there
> was no evidence in the record from any of the claimant's employers
> establishing that she worked in a sheltered environment, that she worked under
> special conditions, that she was allowed irregular or rest periods, that she was
> less productive or efficient in performing her job, that she received special
> assistance from others, or that she did not earn the wages she was paid.  The
> claimant has not presented any evidence showing any subsidized earnings or
> impairment-related work expenses that might have affected this Decision.

Tr. 16.

　　　The administrative law judge is correct that there was no evidence from Plaintiff's

employer that her work was performed in a sheltered work environment.  Indeed, the only

evidence pertaining to the possibility that Plaintiff's work was performed in a sheltered work

environment was Plaintiff's testimony that a supervisor checks her work. Tr. 33, 37. She also

testified that someone redoes her work it is not done correctly, but she stated that this only

occurred if the supervisor came to work that day.  Tr. 37.  The only additional evidence

pertaining to Plaintiff's janitor position was the vocational expert's testimony during the administrative hearing that Plaintiff's janitor position is sheltered work.  Tr. 37, 41-42. Plaintiff's counsel did not pursue his questioning of the vocational expert further after she made that statement, apparently relying on his incorrect belief that sheltered work can never be considered substantial gainful activity.  Tr. 41-42.[3]  As established, the mere fact that Plaintiff's job may have been performed in a sheltered environment is not sufficient to support a finding that she is not engaged in substantial gainful activity.  See 20 C.F.R. § 416.972(a); 20 C.F.R. § 416.974(a)(2) & (3).  Plaintiff did not present any evidence suggesting that her employer considered her job subsidized and/or evidence that might provide a basis upon which to calculate a subsidy. See Social Security Ruling 83-33, 1983 WL 31255, at *3-5.

The administrative law judge acknowledged the applicable regulations and social security ruling and relied upon the presumption that Plaintiff was engaged in substantial gainful activity.  Tr. 14-16.  She also noted the absence of evidence by the Plaintiff to rebut the presumption that the work was substantial gainful activity.  Tr. 15-16.  Although the administrative law judge has a duty to develop the record, where a plaintiff is represented by counsel, as Plaintiff was in this case, the administrative law judge is ordinarily "'entitled to rely on the claimant's counsel to structure and present [the] claimant's case in a way that the

---

[3]Plaintiff submitted an Affidavit with his Reply brief from the vocational expert.  Though it does not appear that the contents of the Affidavit would have altered the recommendation in this matter, the undersigned notes that the Court's review is limited to the administrative record.  42 U.S.C. § 405(g); O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994).

claimant's claims are adequately explored.'" Maes v. Astrue, 522 F.3d 1093, 1096 (10th Cir.

2008) (quoting Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997).   Further, it is

clearly Plaintiff's burden at step one.   The above legal authority is clear that merely claiming

sheltered work is not sufficient to establish that a claimant is not engaging in substantial

gainful activity.   In the present case, Plaintiff did not present any evidence to establish that

her current position should not be considered substantial gainful activity.   She presented no

evidence that she only performed simple tasks under close and continuous supervision, nor

did she present any evidence whatsoever upon which to calculate any applicable subsidy.

20 C.F.R. § 416.974(a)(2).   The administrative law judge noted the correct standards to be

applied and properly weighed the evidence before her.   Tr. 14-16.   Accordingly, the

undersigned recommends that the Commissioner's decision be affirmed.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative

hearing, the decision of the administrative law judge and the pleadings and briefs of the

parties, the undersigned Magistrate Judge recommends that the final decision of the

Commissioner of the Social Security Administration be affirmed.   Plaintiff is advised of her

right to file an objection to the Report and Recommendation with the Clerk of this Court by

May 14, 2012, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report

and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in

the captioned matter.

ENTERED this 24th day of April, 2012.

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE